BYZANTIUM, The (CARTER v.). See Case No. 2,473.

# C.

## Case No. 2,276.

### The CABARGA.

[3 Blatchf. 75;[1] 29 Hunt, Mer. Mag. 716.]

Circuit Court, S. D. New York. Oct. 11, 1853.[2]

MARITIME LIEN FOR BREACH OF CONTRACT — MATERIALS AND SUPPLIES.

An action in rem cannot be maintained against a vessel to recover damages for the breach of a contract to furnish her with materials or supplies, where the breach arises out of the master's refusal to accept them.

[Followed in James Dalzell's Son & Co. v. The Daniel Kaine, 31 Fed. 748. Cited in The James H. Prentice, 36 Fed. 781; The Vigilancia, 58 Fed. 700; The Prince Leopold, 9 Fed. 333.]

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. This was a libel in rem, filed in the district court [by Chandler L. Ingersoll], against the barque Carbarga, to recover the value of two boats built for that vessel by the libellant at his ship-yard in New York, on the order of her master. After the boats were built, the master refused to accept them, on the ground that they were not built according to agreement, and were defective in construction and materials. After the refusal to accept, the boats were sold by the libellant at a price less than that stipulated for in the master's order, and this suit was brought for the difference.

The court below decreed in favor of the libellant. [Ingersoll v. The Carbarga, Case No. 7,038.] The claimants appealed to this court.

William J. Haskett and George F. Betts, for libellant.

Erastus C. Benedict and Charles L. Benedict, for claimants.

NELSON, Circuit Justice. A great deal of evidence has been taken in this case upon the question as to whether the boats were built in a workmanlike manner, and with suitable materials; and, also, as to whether they were accepted by the master, or by those acting in his behalf. The proof is very conflicting upon the first question, but upon the second it is quite clear in favor of the claimants; and, this being so, I shall not enter into the question whether they were built according to the contract, for, in my judgment, assuming that they were, the libellant has not made out a case in which the vessel is chargeable for the price of them.

This is an attempt to push the doctrine of the lien upon a vessel in behalf of material men, and of persons furnishing supplies by the order of her master, beyond any case or principle of the maritime law that has come under my notice; namely, to make her chargeable, not for necessary materials and supplies furnished, but for damages arising out of the breach of a contract to furnish them, the breach being the master's refusal to accept them. I think it will be found, on looking into the origin and foundation of this rule in the maritime code, that the rea-

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Reversing Case No. 7,038.]

sons and policy upon which it rests, are applicable only to cases where the materials and supplies have been actually furnished to the ship—in other words, where the material man or shipchandler has parted with the materials and stores, and the ship has received the benefit of them—and that in those cases only the lien attaches. In the case of materials and repairs, the articles furnished enter into and give value to the ship itself; and, in the case of stores, they are necessary to enable her to earn her freight. Both are essential to fit her for entering upon and completing her voyage; and hence the propriety and justice of charging the ship with the expense of the articles furnished or the work done. The origin and foundation of the rule that gives to material men and persons who fit out a ship, or who lend money to the master for the purpose, a privilege or right of payment over other creditors upon the value of the ship, is fully examined by Sir John Nicholl, in the case of The Neptune, 3 Hagg. Adm. 129, and in Abb. Shipp. pt. 2, c. 3, §§ 1–4.

I had occasion to consider this question incidentally in the case of The Pacific [Case No. 10,643], and expressed the opinion there which I have now stated a little more at large. The libellant is not without a remedy, as the master is personally liable for any damages he may have sustained from the breach of the contract, as is also the owner, if the master was acting within the scope of his authority.

The decree must be reversed, with costs.